

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00379-CR
No. 07-24-00380-CR
No. 07-24-00381-CR
No. 07-24-00382-CR

**RICARDO VELIZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the Criminal District Court 4
Tarrant County, Texas
Trial Court Nos. 1736366, 1736939, 1736940 & 1736941, Honorable Andy Porter, Presiding

July 1, 2025

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

Ricardo Veliz appeals his convictions for assault on a family member with a previous conviction, possession of a controlled substance in an amount of more than one gram but less than four grams, evading arrest or detention with a vehicle, and possession of a controlled substance in an amount of more than four grams but less than 200 grams.

---

[1] Because these matters were transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

His court-appointed counsel filed an *Anders* brief in support of his conclusion that there were no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We affirm the trial court's judgments in trial court cause numbers 1736939, 1736940, and 1736941. We affirm the trial court's judgment in trial court cause number 1736366 as modified herein.

Appellant was charged with the four offenses by four separate indictments. In May 2023, he pleaded guilty to the charges alleged in the indictments. Pursuant to plea agreements, the trial court deferred the adjudication of his guilt for each charge and placed him on deferred adjudication community supervision for ten years in each cause. His community supervision was subject to certain terms and conditions.

In March 2024, the State moved to revoke appellant's community supervision and to proceed with an adjudication of guilt in each cause. The motions included the State's allegations that appellant violated certain terms and conditions of his supervision. Appellant pleaded "true" to the State's allegations. The parties then presented punishment evidence. At the conclusion of the adjudication hearing, the trial court revoked appellant's community supervision and adjudicated him guilty of each offense. It then imposed a sentence of ten years imprisonment in one count and fifty years in each of the remaining three. Each was ordered to run concurrently with the other.

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for appeal. *See In re Schulman*, 252 S.W.3d 403, 406-12 (Tex. Crim. App. 2008) (orig. proceeding) (stating that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to

2

the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.) (accord). Appellant's counsel also represented that he: 1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw in each cause; 2) provided appellant with copies of both pleadings; 3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeals are frivolous; and 4) provided appellant with the appellate record in each cause. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (setting forth requirements of counsel). By letter, the court notified appellant of his right to file a response to counsel's motions and briefs, if he wished to do so. To date, no response has been received.

We conducted our own independent review of the records in each cause to determine the presence of arguable issues and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). None were found save for one instance involving cause number 1736366. In the latter proceeding, a time payment fee was assessed. The $15 time payment fee appears in the bill of costs under "reimbursement fee breakdown." A time payment fee is suspended while an appeal pends. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Thus, the judgment and bill of cost in cause number 1736366 will be modified to exclude assessment of the fee at this time.

Accordingly, we affirm the trial court's judgments in cause numbers 1736939, 1736940, 1736941, modify the judgment in cause number 1736366 as discussed above,

3

and affirm the judgment in cause number 1736366 as modified. We further grant counsel's motions to withdraw.[2]

                                        Brian Quinn
                                        Chief Justice


Do not publish.

[2] Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.